IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY RADIOLOGY ASSOCIATES, LTD., | Civil Action No. 2:17-cv- |
| Plaintiff, | Judge _____ |
| v. | |
| SHARON PENNSYLVANIA HOSPITAL COMPANY, LLC d/b/a SHARON REGIONAL HEALTH SYSTEM, | |
| Defendant. | |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Plaintiff, Allegheny Radiology Associates, Ltd. ("ARA"), by and through its undersigned counsel, files this Complaint as follows:

**Parties**

1. Plaintiff, ARA, is a professional corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 320 East North Avenue Pittsburgh, Pennsylvania 15212.

2. Upon information and belief, Defendant, Sharon Pennsylvania Hospital Company, LLC ("Sharon Hospital"), is a limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 4000 Meridian Boulevard, Franklin, Tennessee 37067, and a registered agent located at 2711 Centerville Road, Suite 400 Wilmington, Delaware 19808.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the present dispute pursuant to 28 U.S.C. § 1332.

4. The amount in controversy, excluding costs and interest, exceeds $75,000.00.

5. ARA is a citizen of Pennsylvania.

6. Upon information and belief, Sharon Hospital is a citizen of Delaware and Tennessee.[1]

    (a) Upon information and belief, Defendant Sharon Hospital is a limited liability company organized under the laws of the State of Delaware.

    (b) Upon information and belief, Sharon Hospital's sole member is Sharon Pennsylvania Holdings, LLC.

    (c) Upon information and belief, Sharon Pennsylvania Holdings, LLC is a limited liability company organized under the laws of the State of Delaware.

    (d) Upon information and belief, Sharon Pennsylvania Holdings, LLC's sole member is Community Health Investment Company, LLC.

    (e) Upon information and belief, Community Health Investment Company, LLC is a limited liability company organized under the laws of the State of Delaware.

    (f) Upon information and belief, Community Health Investment Company, LLC's sole member is Community Health Systems, Inc.

---

[1] *See Zambelli Fireworks Mfg. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Accordingly, the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.").

  (g) Upon information and belief Community Health Systems, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 4000 Meridian Boulevard Franklin, Tennessee 37067.

7. There is complete diversity among the parties.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## Facts

**I. 2007 Agreement**

9. For over thirty years, ARA provided diagnostic and interventional radiology services to patients in Western Pennsylvania.

10. ARA provided this medical care to patients by partnering with hospitals and other medical facilities.

11. On or about February 1, 2007, in order to, among other things, improve the efficiency and effectiveness of its medical imaging and radiology services and better monitor the quality of care rendered to its patients, Sharon Regional Health System ("SRHS") entered into a contract with ARA ("2007 Agreement"). A true and correct copy of the 2007 Agreement is attached hereto as Exhibit A.

12. Pursuant to the 2007 Agreement, ARA had the exclusive right and responsibility to perform radiology services, as defined in the 2007 Agreement ("Radiology Services"), at SRHS's facilities. Exhibit A, § 1(a).

13. The 2007 Agreement required ARA to provide Radiology Services at SRHS's facilities through corporation physicians, broadly defined as "any physician who is in any way professionally associated with [ARA] in the rendering of Radiology Services at Sharon,

including, but not limited to, shareholders or employees of [ARA], locum tenens physicians, and independent contractors" ("Corporation Physicians").  Exhibit A, § 1(f).

14. The term of the 2007 Agreement was from February 1, 2007 to January 31, 2010 (unless terminated earlier in accordance with the terms of the 2007 Agreement).  Exhibit A, § 20(a).

15. Under the terms of the 2007 Agreement, SRHS was to compensate ARA for providing Radiology Services (other than "Women's Services" as defined in the 2007 Agreement) through annual income guarantees.  Exhibit A, § 7(b).

16. From February 1, 2007 to December 1, 2007, ARA provided Radiology Services to SRHS as required under the 2007 Agreement.

## II. First and Second Amendments

17. ARA and SRHS amended the 2007 Agreement by entering into an Amendment to Agreement ("First Amendment"), which had an effective date of December 1, 2007.  A true and correct copy of the First Amendment is attached hereto as Exhibit B.[2]

18. ARA and SRHS amended the 2007 Agreement a second time by entering into the Second Amendment to Agreement ("Second Amendment"), which had an effective date of November 7, 2008.  A true and correct copy of the Second Amendment is attached hereto as Exhibit C.[3]

19. From December 1, 2007 to February 1 2009, ARA provided Radiology Services to SRHS as required under the 2007 Agreement and Amendments thereto.

---

[2]   Plaintiff has been unable to locate a fully executed copy of the First Amendment.
[3]   Plaintiff has been unable to locate a fully executed copy of the Second Amendment.

**III.     Third Amendment**

20.     ARA and SRHS amended the 2007 Agreement for a third time by entering into the Third Amendment to Agreement ("Third Amendment"), which had an effective date of February 1, 2009.  A true and correct copy of the Third Amendment is attached hereto as Exhibit D.

21.     The Third Amendment, among other things, amended Section 7 of the 2007 Agreement.

22.     The Third Amendment defined the following time periods:

(a)     February 1, 2009 through January 31, 2010 as the "Third Year;"

(b)     February 1, 2010 through January 31, 2011 as the "Fourth Year;" and

(c)     February 1, 2011 through January 31, 2012 as the "Fifth Year."  Exhibit D, § 8.

23.     The Third Amendment amended the manner in which SRHS would compensate ARA for providing Radiology Services to SRHS in the Third, Fourth, and Fifth Years.

24.     Under the Third Amendment, SRHS was required to pay ARA an annual stipend of one million dollars ($1,000,000.00) for Radiology Services performed during the Third Year.  Exhibit D, § 8.

25.     Under the Third Amendment, SRHS was required to pay ARA an annual stipend of nine hundred thousand dollars ($900,000.00) for Radiology Services performed during the Fourth Year.  Exhibit D, § 8.

26.     Under the Third Amendment, SRHS was required to pay ARA an annual stipend of eight hundred thousand dollars ($800,000.00) for Radiology Services performed during the Fifth Year.  Exhibit D, § 8.

27. Additionally, the Third Amendment amended Part (b) of Section 20 of the 2007 Agreement to read "[e]ither party may terminate this Agreement at any time and for any or no reason effective only after providing written notice to the other party at least two hundred ten (210) days in advance of the designated termination date." Exhibit D, § 9.

28. The Third Amendment provided that "[a]ll other provisions of the [2007 Agreement], as amended by the First Amendment and the Second Amendment, remain unchanged and are not effected [*sic*] by this Third Amendment and continue in full force and effect." Exhibit D, § 10.

29. From February 1, 2009 to February 1 2012, ARA provided Radiology Services to SRHS as required under the 2007 Agreement and Amendments thereto.

## IV.   Fourth Amendment

30. ARA and SRHS amended the 2007 Agreement for a fourth time by entering into the Fourth Amendment to Agreement ("Fourth Amendment"), which had an effective date of February 1, 2012. A true and correct copy of the Fourth Amendment is attached hereto as Exhibit E.

31. The Fourth Amendment, among other things, amended Section 7 of the 2007 Agreement.

32. The Fourth Amendment defined the following time periods:

   (a)   February 1, 2012 through January 31, 2013 as the "Sixth Year;"

   (b)   February 1, 2013 through January 31, 2014 as the "Seventh Year;"

   (c)   February 1, 2014 through January 31, 2015 as the "Eighth Year;"

   (d)   February 1, 2015 through January 31, 2016 as the "Ninth Year;" and

(e) February 1, 2016 through January 31, 2017 as the "Tenth Year." Exhibit E, § 2.

33. Under the Fourth Amendment, SRHS is required to pay ARA an annual stipend of eight hundred thousand dollars ($800,000.00) for Radiology Services performed during the Sixth, Seventh, Eighth, Ninth and Tenth Years. Exhibit E, § 2.

34. Under the Fourth Amendment, SRHS is required to pay ARA each annual stipend in twelve (12) equal monthly installments, with the first installment due on or before February 10 of each contract year and the remaining installments due on or before the tenth day of each succeeding calendar month thereafter, the twelfth (12th) installment being due on or before January 10 of each year. Exhibit E, § 2.

35. The Fourth Amendment provides that the 2007 Agreement and Amendments thereto "shall become effective February 1, 2007 and shall continue in effect until January 31, 2017, unless terminated earlier in accordance with the provisions herein." Exhibit E, § 2.

36. The Fourth Amendment provided that "[a]ll other provisions of the [2007 Agreement], as amended by the First Amendment, Second Amendment and Third Amendment remain unchanged and are not affected by this Fourth Amendment." Exhibit E, § 5.

**V.     2014 Assignment**

37. Based upon information and belief, SRHS assigned all of its rights and interests under the 2007 Agreement and Amendments thereto to Sharon Hospital in March of 2014.

38. On March 10, 2014, ARA executed a written consent to SRHS's assignment of the 2007 Agreement and Amendments thereto to Sharon Hospital. A true and correct copy of the March 10, 2014 consent letter is attached hereto as Exhibit F.

**VI.   Sharon Hospital's Breach of the 2007 Agreement and Amendments Thereto**

39.    From February 1, 2012 to July 31, 2016, ARA provided Radiology Services to SRHS and then Sharon Hospital as required under the 2007 Agreement and Amendments thereto.

40.    Sharon Hospital failed to make the required $66,666.67 monthly stipend payments for the period August 1, 2015 through January 31, 2016 of the Ninth Year.

41.    Sharon Hospital failed to make the required $66,666.67 monthly stipend payments for the period February 1, 2016 to July 31, 2016 of the Tenth Year.

42.    Sharon Hospital did not provide the required two hundred ten (210) day notice of termination as required by Section 9 of the Third Amendment.  Exhibit D, § 9.

43.    On or about July 31, 2016, as a result of Sharon Hospital's continued refusal to make the required monthly stipend payments, ARA ceased providing Radiology Services to Sharon Hospital.

## COUNT I – BREACH OF CONTRACT

44.    ARA incorporates by reference the allegations set forth in paragraphs 1 through 43 of this Complaint.

45.    As a result of the March 2014 assignment, the 2007 Agreement and Amendments thereto constitute a binding contract between Sharon Hospital and ARA.

46.    Sharon Hospital has materially breached its obligation under the 2007 Agreement and Amendments thereto by failing to pay ARA the required stipend for Radiology Services provided to Sharon Hospital during the Ninth and Tenth Years.

47. As a direct result of Sharon Hospital's breach of the 2007 Agreement and Amendments thereto, ARA has suffered damages including, but not limited to, the unpaid stipend of $66,666.67 per month for the period of August 1, 2015 through July 31, 2016.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, awarding it damages in excess of $75,000, plus costs and interest.

## COUNT II – UNJUST ENRICHMENT

48. ARA incorporates by reference the allegations set forth in paragraphs 1 through 47 of this Complaint.

49. ARA conferred a benefit to Sharon Hospital by providing it with Radiology Services from August 1, 2015 to July 31, 2016.

50. Sharon Hospital received and appreciated the benefit of the Radiology Services that ARA provided it.

51. Sharon Hospital accepted and retained the benefit of the Radiology Services that ARA provided.

52. It would be inequitable for Sharon Hospital to retain the benefit of the Radiology Services that ARA provided without appropriately compensating ARA.

53. Alternatively, in the event that it is determined that there was no contract between the parties during the relevant period, Sharon Hospital was unjustly enriched by accepting the Radiology Services performed by ARA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor, awarding it damages in excess of $75,000, plus costs and interest.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ARA demands a trial by jury in this action of all issues so triable.

                                      Respectfully submitted,

                                      **FOX ROTHSCHILD LLP**

Date: February 9, 2017        By:    s/ Joshua S. Snyder
                                                    William L. Stang, Esquire
                                                    Pa. ID No. 33221
                                                    Joshua S. Snyder, Esquire
                                                    Pa. ID No. 315845
                                                    BNY Mellon Center
                                                    500 Grant Street, Suite 2500
                                                    Pittsburgh, Pennsylvania 15219
                                                    Telephone:  (412) 391-1334
                                                    Facsimile:  (412) 391-6984
                                                    wstang@foxrothschild.com
                                                    jsnyder@foxrothschild.com

                                                    *Counsel for Plaintiff,*
                                                    *Allegheny Radiology Associates, Ltd.*